**TOWN OF LINDSAY, Texas, Petitioner,**

v.

**COOKE COUNTY ELECTRIC COOPERA-
TIVE ASSOCIATION, Respondent.**

No. B–4019.

Supreme Court of Texas.

Nov. 21, 1973.

Rehearing Denied Dec. 19, 1973.

Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Dallas, Sullivant, Meurer, Harris & Sullivant, Belvin R. Harris, Gainesville, for petitioner.

Stark & Barnhart, Richard S. Stark, Gainesville, for respondent.

WALKER, Justice.

The controlling question in this case is whether the Cooke County Electric Cooperative Association properly accepted a franchise ordinance entitling it to operate in the Town of Lindsay. Suit was brought by the Town, petitioner here, to require the Association, respondent, to remove its lines and equipment from the streets and alleys within the corporate limits. The trial court rendered judgment on the verdict for respondent, and the Court of Civil Appeals affirmed. 497 S.W.2d 406.

Petitioner was incorporated as a town in 1959. Respondent, which had been serving inhabitants of the area since 1938, prepared and submitted to the Town Council a proposed ordinance granting respondent a franchise for a period of 50 years from acceptance of the ordinance. The ordinance was enacted by the council on March 24, 1960, but was not immediately effective. The final section provided:

Section 8: The Electric Cooperative Association shall file its written accept-

ance of this franchise within thirty (30) days after the passage of this ordinance, and this ordinance shall take effect and be enforced from and after its passage, approval and acceptance.

The ordinance further provided that the franchise was conditioned upon payment by respondent on April 1, 1960, and annually thereafter, of two per cent of the gross receipts from the sale of electric energy within the corporate limits during the preceding calendar year. Within a few days after March 25, 1960, respondent mailed its check for $12.45 to petitioner. The check was accompanied by a statement of the 1959 receipts from inhabitants of the town and by a voucher showing that the check was in payment of "2% Gross Receipts Tax for the Year 1960." The check was endorsed by petitioner's Secretary-Treasurer and deposited in petitioner's bank account. It was paid by the drawee bank on April 4, 1960. On April 20, 1960, the ordinance was considered at a meeting of respondent's Board of Directors, which unanimously approved the franchise agreement. The attorney retained by respondent at that time was instructed to file a formal written acceptance of the ordinance with petitioner, but there is no evidence that this was ever done.

On June 9, 1960, after expiration of the 30-day acceptance period, respondent's manager appeared before the Council and requested that the ordinance be allowed to stay in effect. No action on the matter was taken on that meeting. On June 30, 1960, the franchise ordinance was repealed and the Council at the same time ordered that the franchise tax be refunded to respondent. Petitioner thereupon issued its check for $12.45 to respondent, and the check was accepted by respondent and deposited in its bank account. In July or August, 1960, and again in 1963 and in 1970, respondent's manager appeared before the Council and requested a franchise, but the request was denied.

Under the provisions of Art. 1436a, Vernon's Ann.Tex.Civ.St., respondent was entitled to continue operating within the corporate limits and without a franchise for ten years after the date of the petitioner's incorporation. In 1970, after the expiration of the 10-year period, petitioner requested respondent to remove its poles and lines from the streets and alleys of the Town. Respondent declined to do so, and this suit followed.

In response to the two special issues that were submitted, the jury found: (1) that the cooperative filed its written acceptance of the franchise within 30 days after March 24, 1960, and (2) respondent's payment of the gross receipts tax by writing its check with the accompanying voucher and statement was intended by both parties as an acceptance of the franchise. It was on the basis of these findings that the trial court rendered judgment for respondent. Petitioner appealed to the Court of Civil Appeals, contending that there is no evidence to support the jury's findings. The Court of Civil Appeals concluded that the issues were raised by the evidence. We do not agree.

■■■ Where, as here, an offer prescribes the time and manner of acceptance, its terms in this respect must be complied with to create a contract. The use of a different method of acceptance by the offeree will not be effectual unless the original offeror thereafter manifests his assent to the other party. See Restatement, Contracts, § 61; 1 Williston on Contracts, 3rd ed. 1957, § 76; 17 Am.Jur.2d, Contracts, § 44. Petitioner's Mayor and Secretary-Treasurer testified that there had never been a written acceptance of the franchise. While their testimony may not be conclusive, there is no evidence to the contrary. If the manner of acceptance had not been specified in the ordinance, respondent's act in paying the gross receipts tax might constitute an implied acceptance of the franchise. Its conduct in this respect was not, however, a written acceptance within the meaning of the ordinance, and the record does not suggest that petitioner assented to an implied acceptance. In our

opinion there is no evidence to support the jury's findings, and the trial court erred in overruling petitioner's motion for judgment non obstante veredicto.

The judgments of the courts below are reversed, and the cause is remanded to the district court with instructions to render judgment for petitioner.

McGEE, J., notes his dissent.