Affirmed and Memorandum Opinion
filed March 29, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00962-CV



Partners in
Building, L.P., Appellant 

v.

Darleen Eure, Appellee 



On Appeal from
the County Civil Court at Law No. 4

Harris County, Texas

Trial Court
Cause No. 918,729



 

MEMORANDUM OPINION 

This appeal arises out of a dispute between a
homebuilder and its customer over the existence of a settlement agreement.  After
finding the formation and breach of an enforceable contract, the trial court rendered
judgment in favor of the customer, awarding damages and attorney’s fees.  We
affirm.

Factual and Procedural
Background

Appellee Darleen Eure purchased a newly constructed home
from appellant Partners in Building, L.P. in November 2001.  A few months
later, Eure met with Matt Norris, an area manager for Partners in Building, to
discuss her discovery that Partners in Building was constructing a new home in
Eure’s neighborhood that had the same floor plan as Eure’s home.  Eure asserted
that the new construction violated an assurance by Partners in Building that the
home she purchased would be unique.  The manager orally offered Eure $12,000 to
resolve the matter.  Eure rejected this offer.

By letter dated June 20, 2002, Partners in Building
notified Eure that it was invoking alternative dispute resolution in accordance
with the parties’ sales agreement by submitting the matter to mediation.  The
letter, in relevant part, contained the following statement:

Meanwhile, our offer
to pay you $12,000 to resolve this matter remains open for the time being and
we are still willing to pay that sum of money as an indication of our regret
that you believe you have been mistreated by our Company.

Over the course of a year, the parties corresponded many
times about scheduling mediation and selecting a mediator.  In a letter dated
August 7, 2003 (hereinafter the “2003 Letter”), Partners in Building sought
more information from Eure necessary for scheduling mediation.  The 2003 Letter
contained the following pertinent statements:

[Partners in
Building’s] $12,000 offer continues to be “on the table” for the time being,
but as I am sure you can understand, it is withdrawn once we commit to the
additional expense of mediation in this matter.  Given the totality of
circumstances, including the costs each of us would have to bear if we proceed
further, I would ask that you reconsider [Partners in Building’s] offer and
seriously consider accepting it.

Eure’s response via a letter, dated December 1, 2003,
reflected that Eure had not received the 2003 Letter.  Partners in Building
responded and provided a copy of the 2003 Letter.  In its response, Partners in
Building sought additional information from Eure necessary for scheduling
mediation.  It is undisputed that neither party paid any money to retain a
mediator or to mediate the dispute; as of trial, the parties had not attended
mediation, arbitration, or participated in any other form of alternative
dispute resolution.

The parties exchanged no other written communications
until Eure’s lawyer Mark Roberts sent a letter dated August 10, 2004
(hereinafter the “2004 Letter”) to Gerald Birnberg, attorney for Partners in
Building, to notify Partners in Building of Eure’s acceptance of the cash settlement
offer of $12,000 (hereinafter the “Settlement Offer”), as provided below:

As per our prior discussions and
your prior correspondence, my client has authorized me to acceptance [sic] your
client’s offer of settlement in the amount of twelve thousand dollars
($12,000).  In full reliance and acceptance of your client’s settlement
agreement, my client shall cease any and all efforts to effectuate her legal
remedies via mediation and/or further litigation.  In addition and as
discussed, Ms. Eure’s acceptance hereby constitutes a waiver of any and all
causes of action regarding the occurrence that gives rise to this dispute.

Accordingly, this correspondence represents
my client[’s] full acceptance of your client[’s] offer and in reliance waives
any and all cause[s] of action that she dose [sic] and/or may have as [sic]
against your client.  Please forward the requisite documentation relevant to
the disbursement of the settlement funds and any additional documentation you
wish us to review and execute. 

Many times between 2005 and 2007, Eure, through Roberts,
communicated with Partners in Building through letters to Birnberg and Norris requesting
disbursement of the funds or settlement documents.  As of the trial setting, in
2009, Eure had yet to receive the settlement funds.  It is undisputed that the
Settlement Offer was not withdrawn at any time.  

In a letter dated April 28, 2008, Eure notified Birnberg
of Eure’s recent retention of new counsel and reaffirmed Eure’s acceptance of
the Settlement Offer.  In his response, Birnberg indicated that he no longer
represented Partners in Building in the matter and had not represented the
company for several years.  Birnberg claimed not to have received the 2004
Letter and subsequent letters from Roberts in 2005.  According to Birnberg,
even if he had received the 2004 Letter, Eure did not accept the Settlement Offer
within a reasonable time.  Birnberg, however, stated that new counsel for
Partners in Building may have a different perspective.

In 2008, Eure brought suit against Partners in
Building, asserting the formation of a settlement agreement and seeking $12,000
for its breach.  Partners in Building filed a counterclaim.  Following a bench
trial on the merits, the trial court found the parties had formed an agreement
and that Partners in Building breached the agreement.  The trial court rendered
a final judgment in favor of Eure, awarding $12,000 in damages and $10,895.75
in attorney’s fees as well as post-judgment interest and costs.  The trial
court denied Partners in Building’s counterclaim.  Partners in Building now
appeals the trial court’s judgment.

Issues and Standards of Review

Partners in Building challenges the legal and factual
sufficiency of the evidence supporting the trial court’s judgment, claiming in
its first issue that no contract existed because the Settlement Offer lapsed
when Eure did not accept it for more than one year.  In a second issue, Partners
in Building asserts that Eure’s repeated agreement to continue with mediation served
as a rejection of the Settlement Offer because Eure’s acceptance did not mirror
the terms of the offer.  

When conducting a legal-sufficiency review, we
consider the evidence in the light most favorable to the challenged finding and
indulge every reasonable inference that would support it.  City of Keller v.
Wilson, 168 S.W.3d 802, 823 (Tex.2005).  We must credit favorable evidence
if a reasonable factfinder could and disregard contrary evidence unless a
reasonable factfinder could not.  See id. at 827.  We must determine
whether the evidence at trial would enable a reasonable and fair-minded factfinder
to find the facts at issue.  See id.  The factfinder is the only judge
of witness credibility and the weight to give to testimony.  See id. at
819.  Because findings of fact in a bench trial have the same force and dignity
as a jury verdict, we review them for legal sufficiency of the evidence under
the same standards we apply in reviewing the jury’s findings.  See Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  

When reviewing a challenge to the factual sufficiency
of the evidence, we examine the entire record, considering both the evidence in
favor of, and contrary to, the challenged finding.  Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986).  After considering and weighing all the evidence,
we set aside the fact finding only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.  Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).  The trier of fact is the sole
judge of the credibility of the witnesses and the weight to be given to their
testimony.  GTE Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d 599, 615–16
(Tex. App.—Houston [14th Dist.] 2001, pet. denied).  We may not substitute our
own judgment for that of the trier of fact, even if we would reach a different
answer on the evidence.  Maritime Overseas Corp. v. Ellis, 971 S.W.2d
402, 407 (Tex. 1998).  The amount of evidence necessary to affirm a judgment is
far less than that necessary to reverse a judgment.  Pascouet, 61 S.W.3d
at 616.

Partners in Building generally challenges the
following findings of fact:

10.       A time
period of 13.5 months passed between the written offer of settlement and the
advice that the offer continues to be on the table.  During this time, Eure did
not accept the offer and [Partners in Building] did not withdraw the offer or
otherwise indicate that it expired as a result of time.

11.       No
document indicated that time was of the essence in this matter.

12.       Mediation
was never scheduled.

13.       [Partners
in Building] did not “commit the additional expense of mediation in this
matter,” thereby withdrawing the offer under the condition presented by
Birnberg on August 7, 2003.

14.       On August
10, 2004, Mark Roberts, counsel for Eure, advised Gerald Birnberg, Counsel for [Partners
in Building], in writing, that        Eure accepted the offer of settlement in
the amount of $12,000.

15.       A period
of time of 12 months passed between the reaffirmation of the offer on August
7, 2003 and the acceptance of August 10, 2004.

16.       [Partners
in Building] did not revoke the offer prior to August 10,     2004.

17.       In
response to the acceptance of August 10, 2004, [Partners in Building] sent no
written demurrer or written notice that the offer had expired prior to the
written acceptance dated August 10, 2004.

18.       On
February 3, 2005, counsel for Eure wrote Counsel for [Partners   in Building]
regarding “disbursement of the agreed upon       settlement.”  In response, [Partners
in Building] sent no written demurrer or written notice that the offer had
expired.

19.       On July
13, 2005, counsel for Eure wrote Counsel for [Partners in Building] regarding
the fact that he had not “received funds regarding this matter.”  [Partners in
Building] sent no written demurrer or written notice that the offer had
expired.

20.       On February
23, 2005, billing records of Gerald Birnberg indicate a telephone conference
with Matt Norris of [Partners in Building] regarding a telephone message from
Eure requesting settlement.  In      response, [Partners in Building] sent no
written demurrer or written notice that the offer had expired.

21.       On
September 19, 2007, counsel for Eure wrote Matt Norris of [Partners in
Building] regarding the $12,000.  In response, [Partners    in Building] sent
no written demurrer or written notice that the offer had expired.

22.       On
November 26, 2007, counsel for Eure wrote Matt Norris of [Partners in Building]
regarding the $12,000.  In response, [Partners    in Building] sent no written
demurrer or written notice that the offer had expired.

23.       On January
23, 2008, counsel for Eure wrote Matt Norris of   [Partners in Building]
regarding the $12,000.  In response, [Partners in Building] sent no written
demurrer or written notice that the offer had expired.

            . . .

25.       Subsequent
to Birnberg’s conversations with Norris regarding the Eure matter, [Partners in
Building] sent no written demurrer or         written notice that the offer had
expired.

26.       On April
28, 2008, Larry Champion, new counsel for Eure wrote to Gerald Birnberg
advising and re-affirming “acceptance of the     $12,000 in full and complete
settlement of this matter.”

27.       Subsequently,
on May 13, 2008, Birnberg wrote to Champion and    first raised the defense
that the offer had expired due to passage of     time.  Notwithstanding,
Birnberg expressly advised that “I no longer represent [PIB] on [the Eure]
matter,” and that “PIB’s response to your April 28, 2008 letter is entirely up
to its new lawyer and I do not purport to speak for them.”

. . .

31.       [Partners
in Building] breached the contract made the basis of this lawsuit.

32.       On May 13,
2008, Eure filed suit to enforce the settlement agreement.

33.       Eure
incurred attorney fees in the amount of $9,150.00

34.       Eure
incurred costs in the amount of $1,745.75. 

Analysis

Is the evidence
sufficient to support the trial court’s judgment?

The parties do not dispute that the 2003 Letter
evinces a cash offer of settlement for $12,000.  The 2003 Letter provides in
relevant part, “[Partners in Building’s] $12,000 offer continues to be ‘on the
table’ for the time being, but, as I am sure you can understand, it is
withdrawn once we commit to the additional expense of mediation in this matter.”[1]  In its
communication in December 2003, Partners in Building attached this same 2003
Letter in its response to Eure.

Partners in Building’s last offer to settle, as evidenced
by the terms of the 2003 Letter, remained open until Partners in Building
incurred mediation expenses.[2] 
When, as in this case, the terms of an offer prescribe the time for accepting
the offer, then those terms ordinarily must be satisfied to create a contract. 
See Padilla v. LaFrance, 907 S.W.2d 454, 460 (Tex. 1995); Town
of Lindsay v. Cook County Elec. Co-op. Ass’n, 502 S.W.2d 117, 118 (Tex.
1973).  Until an offer is accepted, a party retains the power to revoke the
offer.  See Embree, Inc. v. Sw. Bell Media, Inc., 772 S.W.2d 209, 210
(Tex. App.—Dallas 1989, no pet.).  It is undisputed that Partners in
Building did not revoke its offer at any time.  

It is also undisputed that the parties did not
schedule mediation, retain a mediator, attend mediation, or participate in any
form of alternative dispute resolution.  Therefore, neither party committed “to
the additional expense of mediation,” as prescribed in the Settlement Offer.  Although
Partners in Building points to testimony that it incurred mediation costs by
“calling around, finding mediators, asking other lawyers for suggestions for
mediators,” the trial court was the sole judge of the credibility of the
witnesses and the weight to be given to their testimony.  See Pascouet,
61 S.W.3d at 615–16.  By its judgment, the trial court implicitly rejected this
testimony, finding it to be discredited or finding it to be insufficient to
qualify as committing “to the additional expense of mediation,” as set forth in
the 2003 Letter.

Eure accepted the Settlement Offer in the 2004
Letter.[3] 
According to Partners in Building, the Settlement Offer lapsed before August
10, 2004, because Eure did not accept any of Partners in Building’s cash
settlement offers within a reasonable time.[4]
 Although Partners in Building claims the trial court did not enter a finding
as to the reasonable time for acceptance, the trial court need not have
determined a reasonable time period for acceptance because the terms of the
offer defined the duration available for acceptance.  See Padilla, 907
S.W.2d at 460; Town of Lindsay, 502 S.W.2d at 118.  In this case, the
very terms of the Settlement Offer prescribed that the offer would remain open
until Partners in Building committed “to the additional expense of mediation.” 
The trial court found that Partners in Building did not commit to such
additional expense, and legally and factually sufficient evidence supports this
finding.

Partners in Building also claims that Eure’s 2004
Letter of acceptance was not supported by proof of delivery.  The record
contains evidence that Roberts sent the 2004 Letter to Birnberg, counsel for
Partners in Building, by first class mail and fax.  Roberts testified that he also
attempted to communicate with Birnberg by telephone before and after sending
the 2004 Letter.  Birnberg testified that his files did not reflect that he had
received the 2004 Letter.  Birnberg’s billing records reflect that he did not
represent Partners in Building on this matter in 2004; Birnberg testified that
he billed nothing to Partners in Building in 2004.  Moreover, in a letter dated
May 13, 2008, written by Birnberg to Eure’s new counsel, Larry Champion,
Birnberg indicated that he had not represented Partners in Building generally
in several years.  Although Birnberg testified that he did not receive any
phone communications regarding Eure’s acceptance; his billing records, as
admitted into evidence, reflect an entry on February 23, 2005, indicating that
he billed .25 hours for a telephone conference with Norris regarding a
telephone message from Eure requesting settlement.  Although Birnberg’s
testimony creates a fact issue regarding receipt of the 2004 Letter, the
evidence is legally and factually sufficient to support the trial court’s
determination that Eure proved delivery.  See Pascouet, 61 S.W.3d at 615–16. 


Partners in Building claims, in its second issue,
that Eure’s breach-of-contract claim is barred because Eure’s acceptance did
not mirror the terms of the Settlement Offer.  According to Partners in
Building, “[Eure] repeatedly accepted the mediation offer by [Partners in
Building] but never proved acceptance of the $12,000 alternative.”  We construe
this argument to equate Eure’s agreement to proceed with mediation, as
evidenced by correspondence between the parties preceding Eure’s 2004 acceptance,
as a refusal and rejection of the Settlement Offer.

Although, Eure had indicated a desire to proceed with
mediation, the parties did not schedule mediation, retain a mediator, or incur
expenses associated with mediation; therefore, the parties had not incurred or
expended funds towards mediation, and the offer, as reflected in the 2003
Letter, remained open.  Eure accepted the Settlement Offer in the 2004 Letter. 
To the extent that Partners in Building claims Eure did not prove that Partners
in Building breached any agreement, the record reflects that as of trial in
2009, Partners in Building had not paid the settlement funds.  

Acceptance was a fact issue to be resolved by the
trier of fact.  Although Eure presented evidence that she accepted the Settlement
Offer via the 2004 Letter, Birnberg testified that his file did not reflect
receipt of that communication.  The trial court resolved this issue in favor of
Eure.[5] 
When, as in this case, there is evidence of probative force to support the trial
court’s findings, a reviewing court must uphold the finding and overrule the
legal-sufficiency challenge.  See Wal-Mart Stores, Inc. v. Miller, 102
S.W.3d 706, 709 (Tex. 2003) (per curiam).  A decision based upon a
factual-sufficiency challenge can be set aside “only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.”  See
Cain, 709 S.W.2d at 176.  We conclude the evidence is legally and factually
sufficient to support the trial court’s judgment.  Finding no merit in Partners
in Building’s first and second issues, we overrule them.  

The trial court’s judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

 









[1]
Emphasis added.





[2] As reflected in the trial court’s findings, none of
the documents admitted at trial expressly state that time is of the essence.  For
“time to be of essence” in a contract, the contract must expressly make time of
the essence or there must be something in the nature or purpose of the contract
and circumstances surrounding it making it apparent that the parties intended
that time be of the essence.  Kennedy Ship & Repair, L.P. v. Pham,
210 S.W.3d 11, 19 (Tex. App.—Houston [14th Dist.] 2006, no writ).  Although
Partners in Building refers to communications from Norris, expressing a desire
to resolve the matter “promptly” and “expeditiously” and “as soon as possible,”
these express terms were not part of the cash settlement offer contained in the
2003 Letter.  Moreover, Partners in Building, by its own conduct, in extending a written cash settlement offer first
in June 2002 and again in August 2003, has not shown that it intended for time
to be of the essence.  Unless a contract expressly makes time of the essence,
the issue is generally a fact question for the trier of fact, and in this case,
the trial judge found in favor of Eure.  See id.  The evidence
supports this finding.





[3]
To the degree we construe Partners in Building’s argument as an assertion that
there is no contract to examine without resorting to parol evidence to
establish the formation of the contract, a court may determine as a matter of
law that multiple documents comprise a written contract, and, in pertinent
circumstances, may construe all documents as if they were part of a single,
unified instrument.  Fort Worth Indep. Sch. Dist. v. City of Fort Worth,
22 S.W.3d 831, 840 (Tex. 2000).  The record in this case reflects all necessary
elements of an enforceable contract.





[4]
Partners in Building claims a reasonable time was three to four months and as
many as six months, referring to Eure’s testimony as to what constituted a
reasonable time.  For support, Partners in Building also refers to Eure’s
testimony that the matter was a “simple” matter to decide and that she had
instructed her lawyer (Roberts) to accept the cash offer as early as June 2002.





[5]
To the extent Partners in Building asserts that Eure’s claim is barred by
limitations, this argument was raised for the first time in Partners in
Building’s reply brief.  A reply brief may not be used to raise new issues,
including an argument for limitations.  See State v. Vavro, 259 S.W.3d
377, 380 (Tex. App.—Dallas 2008, no pet.) (declining to address limitations
argument raised for first time in reply brief).