# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40428
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2019

Lyle W. Cayce
Clerk

HAROLD W. CRISWELL; MARY EVELYN CRISWELL,

     Plaintiffs - Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass Through Certificates, Series 2005-FF2; SPECIALIZED LOAN SERVICING, L.L.C.; BANK OF AMERICA, N.A.,

     Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-463

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

     Harold and Mary Criswell appeal the district court's grant of summary judgment in favor of appellees Deutsche Bank National Trust Company, Specialized Loan Servicing, L.L.C., and Bank of America, N.A. on their breach of contract and common-law fraud claims.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40428

The Criswells seek to stop a foreclosure proceeding filed by Deutsche Bank National Trust Company ("Deutsche Bank") in March 2016. In 2004, the Criswells entered into a note and security agreement with First Franklin Financial Corporation ("First Franklin"), Deutsche Bank's predecessor as holder of the note, to finance the purchase of their home. The Criswells argue that, prior to their alleged default on the note, the agreement was successfully modified on March 12, 2014, when Bank of America, N.A. ("BANA"), the loan's servicer, sent them a letter approving a modification for their loan.[1] The letter provided for a "Trial Period Plan," in which the Criswells were required to make three monthly payments of $1,984.73. The letter stated that the Criswells were to "make payments in the amount noted in [the] Trial Period Plan until [they] receive[d] [the] fully executed permanent modification documents from [BANA]." If they failed to pay the required amount each month it was due, the letter provided, "[T]his offer will end and your loan will not be modified." The Criswells made the required payments for the first three months but unilaterally reduced their payments to $1,316.65 thereafter.

On April 1, 2014, First Franklin assigned its rights under the note to Deutsche Bank. On September 11, 2014, roughly three months after the Criswells unilaterally reduced their payments to BANA, Specialized Loan Servicing, L.L.C. ("SLS"), the loan servicer for Deutsche Bank, sent the Criswells a loan-modification agreement with new terms. Harold Criswell admitted at his deposition that he and his wife did not execute and return the modification agreement in the manner prescribed by the letter. Because the Criswells did not accept the modification and failed to pay the full amount due on their loan, Deutsche Bank sent a notice of default and later initiated

---

[1] The Criswells submit to this court that they were current on their payments under the note prior to the modification letter from BANA. The other parties to this litigation do not appear to contest this submission.

foreclosure proceedings. The Criswells filed this lawsuit to stop the foreclosure, alleging that BANA, SLS, and Deutsche Bank breached the amended agreement and that BANA committed common-law fraud.

We agree with the district court that neither the BANA letter nor the SLS letter constituted a binding contract modification, and therefore that the Criswells' breach of contract claim fails. Under Texas law, a contract is not formed unless the offeree accepts an offer in strict compliance with the offeror's terms. *Amco Energy, Inc. v. Tana Expl. Co. (In re Capco Energy, Inc.)*, 669 F.3d 274, 279-80 (5th Cir. 2012). Where "an offer prescribes the time and manner of acceptance, its terms in this respect must be complied with to create a contract." *Town of Lindsay v. Cooke Cty. Elec. Coop. Ass'n*, 502 S.W.2d 117, 118 (Tex. 1973). Here, the BANA letter specified that the Criswells were required to pay the amount specified in the Trial Period Plan monthly until they received fully-executed modified loan documents; otherwise the "offer [would] end and [their] loan [would] not be modified." It is undisputed that the Criswells failed to pay the full amount requested after the first three months.[2] The Criswells did not accept BANA's offer in strict compliance with its terms, and therefore no contract modification was achieved.[3] As to the SLS letter, that document specified that acceptance required completion and return of the

---

[2] The Criswells argue that they reduced their payment "in accordance with the documents provided to [them] by Appellee [BANA]." This argument appears to relate to Harold Criswell's submission to the district court, via affidavit, that he paid the reduced amount because it was "the amount [he] owe[d] as a result of having the Loan modified per the Loan Modification Program approved by [BANA]." However, the Criswells were only permitted to reduce their payment after receiving the fully-executed loan documents. Until that time came, they were required to pay the full amount. Accordingly, this fact does not alter our analysis.

[3] The Criswells do not appear to argue that they strictly complied with the terms of BANA's offer. Rather, they argue that either (1) BANA ratified the loan modification by accepting their payments or (2) the offer was superseded by the subsequent letter from SLS, which contained different terms. We therefore do not consider the possibility that the BANA letter's instruction to the Criswells that they continue to make payments beyond the trial period was not a specified means of acceptance requiring strict compliance.

modified loan agreement by a specified date. Harold Criswell admitted at his deposition that he ignored this letter. The Criswells therefore failed to accept that offer in strict compliance with its terms as well. Accordingly, neither agreement constituted a binding contract modification.[4]

We also affirm the district court's grant of summary judgment as to the Criswells' fraud claim against BANA. The Criswells alleged that BANA committed fraud by making representations that: (1) no terms of the note or modification program would change by the transfer of servicing to SLS; and (2) it would provide the Criswells with fully-executed loan modification documents. Under Texas law, a common-law fraud claim requires the plaintiff to show that: (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew the representation was false or spoke with reckless disregard as to the representation's truth or falsity; (4) the defendant made the representation with the intent that the other party act on the representation; (5) the plaintiff relied on the representation; and (6) the plaintiff was injured as a result of the representation. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). Assuming arguendo that the above statements were false, the Criswells present no evidence that BANA knew these statements were false or were reckless with respect to their truth or falsehood. Accordingly, summary judgment on the Criswells' fraud claim was appropriate.

The judgment of the district court is therefore AFFIRMED.

---

[4] The Criswells attempt to argue that BANA, SLS, and Deutsche ratified the agreement by accepting payments from them. Because the Criswells cite no legal authority for their argument that accepting partial payment can constitute ratification under these circumstances, we will not consider it. *See L&A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 & n.27 (5th Cir. 1994); Fed R. App. P. 28(a)(8)(A). Relatedly, because the Criswells do not brief their arguments raised below about their tax deferral and SLS's alleged cancellation of their insurance, we consider those waived on appeal. *See In re Age Ref., Inc.*, 801 F.3d 530, 539 & n.23 (5th Cir. 2015); *see also* Fed. R. App. P. 28(a)(8).