

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00141-CV
_____

LARRY D. HORTON, Appellant

V.

DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, L.L.C., F/K/A
MERCEDES-BENZ FINANCIAL AND COMMERCIAL
RECOVERY SYSTEMS, INC., Appellees

On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV37417

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

All seem to concede that the debt Larry D. Horton owed to DaimlerChrysler Financial Services Americas, L.L.C., f/k/a Mercedes-Benz Financial and Commercial Recovery Systems, Inc. (Daimler) had been settled in 2003 through Daimler's agent, Commercial Recovery Systems, Inc. (Commercial). Horton believed that settlement included an obligation of Daimler and Commercial to remove from his credit report any adverse information about the Daimler debt. When Horton applied in 2005 to purchase a house and a commercial truck, he discovered his credit report still contained adverse information concerning the account. Horton sued Daimler and Commercial for breach of contract. Horton appeals from a summary judgment that held he was not entitled to removal of the adverse credit information. For the reasons set out below, we reverse the summary judgment and remand this matter to the trial court for further proceedings.

The settlement in question resulted from negotiations during 2003 and rests on the meaning of two letters: one from Commercial and one to Commercial. In a letter dated June 5, 2003,[1] Commercial offered Horton a settlement:

> As an authorized representative of DaimlerChrysler/Mercedes, Commercial Recovery Systems, Inc. will accept $1,000 as full and final settlement of the $25,038.85 owed on the above referenced account. No further funds will be due. This offer will be extended through June 30, 2003, after which time the full balance will be due.

---

[1]An earlier letter does not appear to be relevant. In a letter dated May 28, 2003, Commercial, on behalf of Daimler, offered to "accept $1,000 as full and final settlement of the $25,038.85 owed" on Horton's account. Nothing suggests that Horton responded to this earlier letter.

2

In addition, all derogatory credit information regarding this account will reflect the account to be settled. Please allow ninety (90) days for credit information to be updated.

This settlement is being made with the mutual understanding that the debt is not currently secured.

Terms: $500.00 due 6/15/03 & $500.00 due 6/30/03.

On June 18, 2003, Commercial received a check from Horton in the amount of $500.00. This check was dated June 14, 2003. A second check, dated June 27, 2003, was received by Commercial July 2, 2003. The second check was accompanied by a letter dated July 1, 2003, that indicated it had been mailed "[v]ia Express Mail" and provided some terms of its own:

Enclosed please find Mr. Horton's final payment in the amount of $500.00 payment with regard to the above-referenced account. This check is tendered with the understanding that it is to be accepted in full and complete satisfaction of all sums due and owing, and in complete release with regard to these matters. This check is tendered in trust and is not to be negotiated otherwise.

Commercial accepted both checks.

In response to Horton's suit, Daimler and Commercial sought summary judgment by denying that a contract had been formed pursuant to the June 5 offer. Daimler and Commercial contended that Horton failed to accept the June 5 offer by tendering $1,000.00 by the date specified. Instead, Daimler and Commercial argued the July 1 letter constituted a counter-offer. Daimler and Commercial claimed that, by accepting the check, they formed a new contract that did not contain the contractual duty to correct derogatory credit information on Horton's credit report.

3

On appeal, Horton argues it was error to grant the summary judgment because there are genuine issues of material fact concerning whether the acceptance of the checks was a waiver or modification of the time limitations contained in the June 5 offer. Daimler and Commercial argue Horton failed to plead the doctrines of waiver and modification, Horton did not accept the June 5 offer as a matter of law, and the doctrines of waiver and modification do not apply as a matter of law. We conclude that (1) genuine issues of material fact preclude the summary judgment, and (2) no pleading defect was raised in the trial court.

Daimler and Commercial's motion for summary judgment was a traditional motion. To prevail on a traditional motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex. App.—Texarkana 1989, no writ). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively

establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993).

*(1)     Genuine Issues of Material Fact Preclude the Summary Judgment*

The dispute in this case concerns the parties' differing interpretations of the negotiations. When interpreting a contract, our primary objective is to ascertain and give effect to the intent of the parties as expressed in the contract. *Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006). "Where terms are not defined in agreements, we will use the plain, ordinary and generally accepted meaning attributed to the term or word." *Pratt-Shaw v. Pilgrim's Pride Corp.*, 122 S.W.3d 825, 833 (Tex. App.—Dallas 2003, pet. denied). If a written instrument's text can be given a definite legal meaning, it is not ambiguous[2] and must be construed as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

Daimler and Commercial argue that, as a matter of law, the June 5 offer was never accepted. According to Daimler and Commercial, the offer could be accepted only by timely payment of the full $1,000.00. Since that amount was not paid by the due dates stated in the June 5 letter, Daimler

---

[2]If the language of a contract is subject to two or more reasonable interpretations, it is ambiguous. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517 (Tex. 1995). Whether a contract is ambiguous is a question of law for the court. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118 (Tex. 1996). An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). That parties may advance conflicting interpretations of a contract does not necessarily mean the contract is ambiguous. *Columbia Gas Transmission Corp. v. New Ulm Gas*, 940 S.W.2d 587, 589 (Tex. 1996). Neither party argues the contract is ambiguous.

and Commercial claim no contract was formed pursuant to the original offer.[3]  Horton argues that the contract was accepted when he tendered the first installment and that there are fact issues concerning whether Daimler and Commercial waived any breach caused by not tendering payment in a timely manner.  Our analysis leads us to three conclusions:  (a) the offer did not require a specific manner of acceptance, (b) Horton accepted the offer by tendering the first payment, and (c) there are issues of fact concerning waiver.

> (a)    *The Offer Did Not Require a Specific Manner of Acceptance*

Daimler and Commercial argue the June 5, 2003, offer provided specific means by which Horton could accept the offer—making full payment by a date certain.  "Where an offer prescribes the time and manner of acceptance, those terms must ordinarily be complied with to create a contract." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995); *Town of Lindsay v. Cooke County Elec. Coop. Ass'n*, 502 S.W.2d 117, 118 (Tex. 1973); *see* RESTATEMENT (SECOND) OF CONTRACTS § 58 (1981).  The question in this case is whether the offer provided that it could be accepted only by tendering the full payment on or before June 30, 2003.

---

[3]Daimler and Commercial claim a contract was formed based on Horton's counteroffer in the July 1 letter.  If a contract had not been formed at this point, such an argument might prove successful.  An "acceptance" must be identical to the offer. *Long Trusts v. Griffin*, 144 S.W.3d 99, 111–12 (Tex. App.—Texarkana 2004), *rev'd in part & remanded in part on other grounds*, 222 S.W.3d 412 (Tex. 2006).  We conclude, however, that a contract was formed when Horton tendered the first payment.

6

An offeror may specify a particular mode of acceptance. *Franklin Life Ins. Co. v. Winney*, 469 S.W.2d 21, 23 (Tex. Civ. App.—San Antonio 1971, writ ref'd n.r.e.). While the June 5 offer specifies terms of payment, it does not specify a particular manner of acceptance of the offer. Daimler and Commercial claim the only method available to accept the offer was a timely full payment. They fail to direct this Court to the language of the contract dictating such a conclusion—nor have we been able to locate any.

None of the language of the offer specifies a manner of acceptance. The offer provides "[t]his offer will be extended through June 30, 2003, after which time the full balance will be due." This language refers to the length of time the offer will remain open for acceptance, not the manner by which the offer could be accepted. The language that Daimler and Commercial "will accept $1,000 as full and final settlement of the $25,038.85" refers to the terms of the settlement, not the manner of acceptance. Finally, the payment due dates imposed by the contract—"Terms: $500.00 due 6/15/03 & $500.00 due 6/30/03"—are terms of the contract, not a manner of acceptance.

We note that, in *Padilla*, the Texas Supreme Court held a Rule 11 agreement, which specified payment must be made by a certain date and time, was "clear that the offer could only be accepted by *payment of the money* by a specific deadline." 907 S.W.2d at 460. We believe this conclusion of *Padilla* is distinguishable from this case. The letter in *Padilla* stated, "I look forward to *receipt* of the checks on or before date specified, failing which this offer to settle will be withdrawn . . . ."

7

*Id*. at 456. While the letter in this case clearly specifies the time for acceptance of the offer, the letter in this case does not describe the manner of acceptance in any manner similar to the offer in *Padilla*.[4]

While Daimler and Commercial could have included a specific manner of acceptance in the offer, the plain language of the offer does not contain any such requirement. "The parties' intent must be taken from the agreement itself, not from the parties' present interpretation, and the agreement must be enforced as it is written." *Nicol v. Gonzales*, 127 S.W.3d 390, 394 (Tex. App.—Dallas 2004, no pet.). The offer, as written, does not provide for a specific manner of acceptance.

    *(b)     Horton Accepted the Offer By Tendering The First Payment*

Unless otherwise indicated, an offer may be accepted in any manner reasonable under the circumstances. RESTATEMENT (SECOND) OF CONTRACTS § 30 (1981). Generally, "[t]he mode of expressing assent is inconsequential so long as it effectively makes known to the offeror that his offer has been accepted." *Fujimoto v. Rio Grande Pickle Co.*, 414 F.2d 648, 652 (5th Cir. 1969); *Embree, Inc. v. Sw. Bell Media, Inc.,* 772 S.W.2d 209, 211 (Tex. App.—Dallas 1989, writ denied).

---

[4]Further, even if the offer provided that it could be accepted only by full payment, there is a fact issue concerning whether Daimler and Commercial agreed to a different form of acceptance. After concluding that its letter specified a particular means of acceptance, *Padilla* held "a different method of acceptance may be effectual where the 'original offeror thereafter manifests his assent to the other party.'" 907 S.W.2d at 460. As noted above, Daimler and Commercial accepted both payments tendered by Horton. Even if we are incorrect concerning whether the offer required the specific form of acceptance claimed, there is a fact issue concerning whether Daimler agreed to a different form of acceptance.

8

It is well established that acceptance may be shown by conduct. *Patrick v. Smith*, 90 Tex. 267, 38 S.W. 17, 19 (1896); *In re Citgo Petroleum Corp.*, 248 S.W.3d 769, 774 (Tex. App.—Beaumont 2008, no pet.); *see* RESTATEMENT (SECOND) OF CONTRACTS § 50 (1981). Horton's act in tendering the first installment of $500.00 was a clear, unequivocal act indicating acceptance. The act effectively informed Daimler and Commercial that the offer had been accepted and was within the time specified for acceptance of the offer. The contract was formed when Horton tendered the first installment.

*(c)    There Are Issues of Fact Concerning Waiver*

Although Horton clearly breached the contract by not tendering payment by the due dates contained in the contract, there are genuine issues of material fact concerning whether the breach was waived.[5] "Waiver has been defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." *United States Fid. & Guar. Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex. 1971). We note that the acceptance of late performance does not waive the breach as a matter of law. *Jon-T Farms, Inc. v. Goodpasture, Inc.*, 554 S.W.2d 743, 747 (Tex. Civ. App.—Amarillo 1977, writ ref'd n.r.e.). A party's silence or inaction for a period of time

---

[5]On appeal, Horton argues the July 1, 2003, letter and the negotiation of the check constitutes a modification of the due dates in the contract. Horton did not argue to the trial court the contract had been modified . Because this argument was not presented to the trial court, any error is not preserved for appellate review. S*ee* TEX. R. APP. P. 33.1. Therefore, we will not address Horton's modification argument.

long enough to show an intention to relinquish the known right, however, may be sufficient to prove a waiver. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 722 (Tex. App.—Dallas 2004, no pet.). Daimler and Commercial accepted tardy payment and failed to take action to enforce any remedies arising from the breach. "Waiver need not be founded on a new agreement, nor be supported by a consideration nor based on estoppel." *Bimco Iron & Metal Corp.*, 464 S.W.2d at 358. There are genuine issues of material fact concerning whether Daimler and Commercial waived the payment due date requirements. Because there are genuine issues of material fact, the trial court erred in granting the joint motion for summary judgment.

*(2)   No Pleading Defect Was Raised in the Trial Court*

Daimler and Commercial argue that Horton waived the right to argue waiver or modification by failing to plead the doctrines in his amended pleadings.[6] Texas law is well established that summary judgment based on a pleading deficiency is proper only if a party has had an opportunity to amend and fails to do so, or if a party files a further defective pleading after the pleading defect is raised. *Tex. Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974); *see Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Lichte v. Gov't Employees Ins. Co.*, 825 S.W.2d 431 (Tex. 1991). Daimler and Commercial failed to object, by special exception or otherwise, to any

---

[6]Daimler and Commercial argue that Horton is raising these theories for the first time on appeal. The record, though, establishes that Horton did make these arguments to the trial court. In Horton's response to the joint motion for summary judgment, Horton argued the "negotiation of the check constituted a waiver of the time June 30, 2003, due date."

pleading defect.  As such, Horton was not afforded an opportunity to amend.  Summary judgment based on the alleged pleading defect would not have been appropriate.  Daimler and Commercial's counter-issue is overruled.

We reverse the judgment of the trial court and remand this case to that court for further proceedings consistent with this opinion.


_____ Josh R. Morriss, III
Chief Justice

Date Submitted:     April 4, 2008
Date Decided:     September 5, 2008