COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| GERARDO LUJAN, | § | No. 08-12-00286-CV |
| Appellant, | § | Appeal from the |
| v. | § | 205th District Court |
| | § | |
| ALORICA, INDIVIDUALLY AND | | of El Paso County, Texas |
| D/B/A ALORICA, INC., | § | (TC# 2012-DCV-03771) |
| Appellee. | § | |

# **O P I N I O N**

After Appellant, Gerardo Lujan, filed suit for employment discrimination and retaliation, Appellee, Alorica, moved to enforce a forum-selection clause and dismiss the suit based upon its assertion that a forum-selection clause required the suit to be litigated in California. Lujan appeals the trial court's dismissal of the suit. We reverse.

## BACKGROUND

*Alorica's Motions for Enforcement and Dismissal*

Alorica based its motions for enforcement and dismissal on the existence of a forum-selection clause set forth on the second page of a two-page letter dated October 12, 2009, and signed by Alorica's President, Y.C. Liu, which offers Lujan employment with Alorica. As a

condition of accepting Alorica's offer of employment, the letter states that Lujan "will be required to truthfully and accurately complete, sign and return the . . . Acceptance of Offer Letter." The letter also provides, "In general, this offer letter when signed by you, sets forth the terms of your employment with the Company and supersede [sic] any and all prior representations and agreements, whether written or oral regarding this subject matter." The letter then states that the parties consent to sole jurisdiction and venue in California "in any action to declare rights under, arising out of or relating to [the] Agreement, and waive any other jurisdiction and venue to which either party might be entitled by domicile or otherwise." Thereafter, Liu's letter instructs, "If the above is agreeable to you, please sign and date below and return to Human Resources[,]" followed by the statement, "I accept this offer of employment[,]" and a signature line. The letter bears no signature. All of the foregoing are set forth on the second page of Mr. Liu's two-page letter. In its motion, Alorica acknowledged that Lujan did not sign the offer agreement but argues in a footnote that Lujan's acceptance of employment with the company after receiving the letter constitutes his acceptance of the terms of the letter under Texas and California law.

*Lujan's Response*

In his response opposing the motion, Lujan contended, in part, that the forum-selection clause is unenforceable because it is not valid, that he did not agree to the forum-selection clause, that Alorica bore the burden of establishing that Lujan had agreed to an exclusive forum and that the clause applied to Lujan's claims, and that Alorica had failed to satisfy its burden by showing that Lujan, who had not signed the agreement, had agreed to the forum-selection clause. To establish the existence of an enforceable contract, Lujan argued, Alorica was required to prove the making of an offer, an acceptance of the offer, the parties' mutual assent or meeting of the minds

2

regarding the subject matter and essential terms of the contract, and the existence of consideration or mutuality of obligations. *See Baylor v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Lujan maintained that Alorica failed to establish the parties' mutual assent or meeting of the minds regarding the forum-selection clause and argued that Alorica bore the burden of establishing some theory that would permit enforcement of the forum-selection clause against him as a non-signatory. Lujan contended that Alorica's arguments for enforcement failed because the "alleged" forum-selection clause was purportedly presented to him before he began working for Alorica. Moreover, Lujan argued, Alorica failed to present any evidence that it unequivocally notified him of the forum-selection clause or that he had knowledge of the forum-selection clause, noting that Liu does not state that his letter to Lujan was sent by certified mail, return receipt requested, that a delivery receipt was obtained, or was hand-delivered to Lujan.

*The Hearing*

On July 26, 2012, the trial court heard Alorica's motion to dismiss. There, Alorica contended that Liu's letter was sent or mailed to Lujan. The affidavit of Alorica's President, Y.C. Liu and a copy of the letter was admitted into evidence over Lujan's objection. In the affidavit, Liu attests that he sent a letter to Lujan formally offering him employment with the company, that Lujan accepted employment after Liu sent the letter, and that Lujan never informed anyone that he disagreed with any terms in the offer. Alorica argued that Lujan is bound by the terms of the contract under Texas law because he accepted employment with the company, and that a rebuttable presumption exists that Lujan received Liu's letter. Alorica also noted that Lujan's response to the motion indicated that Lujan had not accepted the agreement but had made a counter offer, which Alorica contended could not occur absent Lujan's acceptance of its offer.

3

On the morning of the hearing, Lujan filed a supplement to his response to Alorica's motion to dismiss. Appended to the supplement is Lujan's affidavit, in which he avers that: (1) he first saw Liu's October 12, 2009, two-page letter on the day he signed his affidavit, July 26, 2012; (2) Liu's two-page letter was never presented to him; (3) he had never seen or received the second page of the letter until July 26, 2012; (4) he did not indicate his disagreement with the terms of the employment offer because he was not aware of the second page of the letter until July 26, 2012; (5) he did not and does not agree to the California forum-selection language; and (6) while employed at Alorica, he was not presented with any document or informed by any person that he was subject to filing suit against Alorica in California or that the suit would be governed by California law.

After Lujan attempted to introduce his affidavit at the hearing, the trial court sustained Alorica's objection that the affidavit was untimely because it was filed the same day as the hearing in violation of El Paso County Local Rule 3.11(e) and contradicted Lujan's admissions set forth in his response to the motion. Lujan's counsel explained to the trial court that he would have filed Lujan's affidavit earlier but had been unable to present the affidavit to Lujan for his signature until the morning of the hearing because Lujan had been fired from his employment and had no telephone. The trial court again sustained Alorica's objection.

In response to the trial court's inquiry, Lujan's counsel explained that he would not be calling witnesses to testify because Lujan had no burden of establishing the validity or enforceability of any agreement. Lujan complained that Alorica had failed to meet its burden of proving the existence of a valid and enforceable forum-selection clause, that Liu's affidavit contained an improper, conclusory statement that he had sent the letter to Lujan on the same day

4

Lujan began working for the company, and that no one had produced any evidence that Lujan had, in fact, received the letter. Thus, Lujan argued, Alorica had failed to meet its first burden.

Lujan also noted that his suit against Alorica was not brought as an at-will employment breach-of-contract action as may fall within the scope of the forum-selection provisions in Liu's letter, but rather was filed as a discrimination and retaliation action which was not subject to the forum-selection clause. Lujan concluded his arguments by noting that it would be unreasonable and unjust to enforce the forum-selection clause because, assuming arguendo that he was subject to the clause, he would be without a forum in California since his remedies would be barred under California law, which Lujan argued does not provide for dual filing of state and EEOC claims as Texas law does. Because Alorica had not first shown the existence of a valid and enforceable forum-selection clause, and had failed to demonstrate or prove that Lujan had notice of or had received the forum-selection clause, Lujan argued that it was improper to reach "the second part of the analysis."

The trial court granted Alorica's motion and dismissed Lujan's case with prejudice in a final judgment.

## DISCUSSION

Lujan presents three issues for our review. In Issue One, Lujan contends the trial court erred and abused its discretion in sustaining Alorica's objection to his affidavit based on its same-day filing as no rule requires an affidavit to be filed sooner. In Issue Two, Lujan contends the trial court erred in dismissing his case based on the forum-selection clause because Alorica failed to meet its burden of establishing that Lujan accepted that term or was informed of its existence. In Issue Three, Lujan complains the trial court erred in dismissing his case based on

5

the forum-selection clause because he did not sign the document containing the clause as required for acceptance of the contract under the document's express terms.

We commence our analysis with Issue Three, in which Lujan complains the trial court erred in dismissing his case because no contract was formed as set forth in Liu's letter.

*Standard of Review*

The proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit is a motion to dismiss. *See Young v. Valt. X Holdings, Inc.*, 336 S.W.3d 258, 261 (Tex.App. – Austin 2010, pet. dism'd), *citing Phoenix Network Techs. (Europe) Ltd. v. Neon Sys.,* 177 S.W.3d 605, 610 (Tex.App. – Houston [1st Dist.] 2005, no pet.). We review a trial court's dismissal predicated on a forum-selection clause for an abuse of discretion. *Stokes Interest, G.P. v. Santo-Pietro*, 343 S.W.3d 441, 444 (Tex.App. – El Paso 2010, no pet.). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *See Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010), *quoting Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer*, 701 S.W.2d at 242.

When our review of the trial court's dismissal involves contractual interpretation of a forum-selection clause, we review the legal matter *de novo. Stokes Interest, G.P.*, 343 S.W.3d at 444.

*Forum-Selection Clause*

The Texas Supreme Court has recognized forum-selection clauses to be, in general,

enforceable and presumptively valid. *In re Laibe Corp.,* 307 S.W.3d 314, 316 (Tex. 2010); *see also Stokes Interest, G.P.*, 343 S.W.3d at 444. "When a party contractually consents to the jurisdiction of a particular forum, jurisdiction necessarily depends on the validity of the contract." *Barnette v. United Research Co., Inc.*, 823 S.W.2d 368, 370 (Tex.App. – Dallas 1991, writ denied), *citing Monesson v. National Equip. Rental,* 594 S.W.2d 780, 781 (Tex.Civ.App. – Dallas 1980, writ ref'd n.r.e.).

A party pursuing enforcement of a contractual forum-selection clause bears the initial burden of proving "that the parties entered into an agreement to an exclusive forum and that the agreement applies to the claims involved." *See Young*, 336 S.W.3d at 262. Additionally, a party seeking to enforce a forum-selection clause against a non-signatory to the contract in which the clause exists bears the burden of proving the theory upon which it relies to bind the non-signatory to the contract. *See CNOOC Se. Asia Ltd. v. Paladin Res. (SUNDA) Ltd*., 222 S.W.3d 889, 894-95 (Tex.App. – Dallas 2007, pet. denied)(citing cases involving theories of alter-ego, substantial interconnected and concerted misconduct by defendants, single-business enterprise, and agency).

The elements required for the formation of a valid and binding contract include: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the term; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See Baylor*, 221 S.W.3d 632, 635; *Mendivil v. Zanios Foods, Inc.*, 357 S.W.3d 827, 830-31 (Tex.App. – El Paso 2012, no pet.).

An offeror is permitted to specify the particular manner in which its offer may be accepted. *See Horton v. DaimlerChrysler Financial Services Americas, L.L.C.*, 262 S.W.3d 1, 5 (Tex.App. –

Texarkana 2008, no pet.).   Ordinarily, an offer's terms prescribing the time and manner of its acceptance must be satisfied as prescribed to create a contract.   *See Horton*, 262 S.W.3d at 5, *citing Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995); *see also Abraham Inv. Co. v. Payne Ranch, Inc.*, 968 S.W.2d 518, 525 (Tex.App. – Amarillo 1998, pet. denied)(it is an established rule of contract law that when an offer specifies mode of acceptance, acceptance in the precise mode specified is required to create a binding contract), *citing Town of Lindsay v. Cooke County Electric Coop. Ass'n,* 502 S.W.2d 117, 118 (Tex. 1973), *cert. denied,* 416 U.S. 970, 94 S.Ct. 1993, 40 L.Ed.2d 559 (1974).

An offeree's use of a different method of acceptance will not be effectual unless the offeror subsequently manifests to the offeree his assent thereto.   *Town of Lindsay,* 502 S.W.2d at 118. "A purported acceptance that changes or qualifies an offer's material terms constitutes a rejection and counter offer rather than an acceptance."   *Forged Components, Inc. v. Guzman*, 409 S.W.3d 91, 100 (Tex.App. – Houston [1st Dist.] 2013, no pet.), *quoting Parker Drilling Co. v. Romfor Supply Co.,* 316 S.W.3d 68, 74 (Tex.App. – Houston [14th Dist.] 2010, pet. denied).

Relevant to our determination of whether a binding contract exists is the presence or absence of signatures on a written contract.   *In re Bunzl USA, Inc.,* 155 S.W.3d 202, 209 (Tex.App. – El Paso 2004, orig. proceeding).   Parties to a contract may direct that a signature of each party is a prerequisite to the formation of a binding written contract.   *Id.*, *citing* 1 Arthur Linton Corbin, Corbin on Contracts § 2.10 at 165 (Joseph M. Perillo rev. 1993).   "[A] party's signature on a written contract is 'strong evidence' that the party unconditionally assented to its terms."   *Id.*, *citing* 1 Arthur Linton Corbin, Corbin on Contracts § 2.10 at 168 (Joseph M. Perillo rev. 1993).   When a party's signature is absent, other evidence must be presented to prove the

8

party unconditionally and mutually assented to the terms of the contract. *Id.*, *citing* 1 Arthur Linton Corbin, Corbin on Contracts § 2.10 at 168 (Joseph M. Perillo rev. 1993). When an instrument bearing the signature of one party is delivered with the intent that it not be binding until signed by the other party, the existence of the instrument is destroyed by the other party's failure to sign the instrument. *Baccus v. Plains Cotton Cooperative Association*, 515 S.W.2d 401, 402-03 (Tex.Civ.App. –Amarillo 1974, no writ)(citations omitted).

By its terms, Alorica's offer no less than thrice requires Lujan's signature. First, Liu's letter expressly states, "As a condition of accepting this offer of employment, you will be required to truthfully and accurately complete, sign and return the [application for employment, acceptance of offer letter, and employee inventions and confidentiality agreement (a copy of which is attached)] . . . prior to your first day of commencing work[.]" The letter next provides, "[T]his offer letter, when signed by you, sets forth the terms of your employment with the Company and supersede [sic] any and all prior representations and agreements, whether written or oral regarding this subject matter." The letter sets forth the forum-selection provisions and specifies that the terms of employment can only be amended in writing, signed by Lujan and an officer of Alorica, and requires that any waiver of a right under the agreement be in writing. Liu's letter provides, "If the above is agreeable to you, please sign and date below and return to Human Resources." This is followed by Liu's signature and an unsigned signature block for Lujan which is preceded by the statement, "I accept this offer of employment."

Lujan contends that Alorica failed to prove that he accepted or assented to, or was even aware of, the forum-selection term of the employment relationship and, therefore, failed to demonstrate that the parties entered into an agreement containing the forum-selection clause.

9

Lujan also asserts that the evidence before the trial court conclusively shows that he did not accept Alorica's offer in compliance with its terms, because he did not sign the offer as directed by the terms therein. Alorica responds that Lujan's acceptance of employment after receiving the agreement constitutes Lujan's acceptance of the terms of the offer.

Because it sought to enforce the forum-selection clause against Lujan as a non-signatory to the contract in which the clause exists, it was Alorica's burden to prove in the trial court the theory upon which it relies to bind Lujan to the contract. *See CNOOC Se. Asia Ltd*, 222 S.W.3d at 894-95. In support of its theory that Lujan's acceptance of employment constituted Lujan's acceptance of the unsigned terms of employment, Alorica relies predominantly on cases wherein an employer has notified an existing employee that the terms of his or her employment were being modified. In those cases the employee's continued employment has been held to constitute acceptance of the new terms of employment, and, as applicable, the employee's signature agreeing to the modified terms was not required to satisfy the contractual component of acceptance. *See In re Dillard Dept. Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006); *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986); *Burlington N. R. Co. v. Akpan*, 943 S.W.2d 48, 50-52 (Tex.App. – Fort Worth 1996, no pet.).

Alorica's reliance upon these cases is misplaced because Lujan was not an existing employee whose terms of employment were being modified and whose acceptance of the modified terms could be evidenced by his continued employment. Rather, Liu's letter demonstrates that Lujan was a prospective employee and that Alorica stringently required Lujan's acceptance of employment as well as the terms and conditions thereof, which included the forum-selection clause provisions, to be achieved by Lujan's signing of Liu's letter. Indeed, by its terms, Lujan's

10

signature was a pre-condition to the formation of that contract. The evidence before the trial court demonstrates that Lujan did not accept the terms of Alorica's offer in the manner prescribed therein. *See Horton*, 262 S.W.3d at 5, *citing Padilla*, 907 S.W.2d at 460; *see also Abraham Inv. Co.*, 968 S.W.2d at 525, *citing Town of Lindsay,* 502 S.W.2d at 118.

Under these facts, Alorica failed to meet its burden of proving the theory upon which it relied to bind Lujan, as a non-signatory, to the contract. *See CNOOC Se. Asia Ltd*, 222 S.W.3d at 894-95. We conclude the trial court abused its discretion and erred by granting Alorica's motion to enforce the forum-selection clause in Liu's letter and dismissing Lujan's case. Issue Three is sustained. Because Issue Three is sustained, we need not address Issues One and Two.

## CONCLUSION

The trial court's judgment is reversed and the case is remanded to the trial court for further proceedings.

YVONNE T. RODRIGUEZ, Justice

September 19, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

11