# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00657-CV

**Rockstar Remodeling & Diamond Decks, LLC, Appellant**

**v.**

**Edward Taddia and Georgina Taddia, Appellees**

### FROM THE 274TH DISTRICT COURT OF COMAL COUNTY
### NO. C2019-1254C, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is an appeal from the order of the district court of Comal County denying a motion to compel arbitration. Appellant is Rockstar Remodeling & Diamond Decks, LLC (Rockstar) and appellees are Edward and Georgina Taddia.

In August 2018, the Taddias signed a contract form (the Retail Sales Agreement and Job Specifications) presented to them by Rockstar's Donnie M. Ferguson by which Rockstar agreed to construct certain improvements to their house located at Canyon Lake.

After construction commenced, the Taddias were not satisfied with either the progress or the quality of the work and, consequently, refused to pay Rockstar. Rockstar filed suit for breach of contract alleging $64,007 in damages and requesting the court to enforce an arbitration clause in the contract. The Taddias answered and asserted a counterclaim seeking to recover the cost of repairs and claimed loss of market value.

At the hearing on the motion to compel arbitration, both parties submitted affidavits and documentary evidence. After hearing oral argument and taking the case under advisement, the district court denied the motion. Rockstar did not request findings of fact and conclusions of law, and none were filed.

In August 2018, when the Taddias engaged Rockstar to do the work on their house, Ferguson had them sign the contract form authorizing the work by Rockstar. Ferguson signed the contract form on the signature block as Rockstar's *representative*, but a second signature block evidencing Rockstar's management's acceptance was left blank. Ferguson told the Taddias that he had to "run the agreement" by Rockstar's engineers.

The district court found that Rockstar failed to meet its threshold burden to prove the formation of a mutually binding agreement to arbitrate the dispute with the Taddias.[1] In defense of the district court's order, the Taddias maintain, among other things, that the agreement to arbitrate, found in the "Terms and Conditions" page, never became effective and mutually binding because Rockstar's management never accepted the proffered contract by signing the contract as required by the "Terms and Conditions" page. Section 2 of the "Terms and Conditions" page required acceptance by Rockstar's management: "The effective date of this agreement shall be the date the agreement is signed by the Purchaser [the Taddias], '*subject to acceptance by Rockstar Remodeling and Diamond Decks, LLC management.*'" (Emphasis supplied.) It is undisputed that the signature block evidencing Rockstar's management's acceptance was never signed. Accordingly, the condition precedent to a mutually binding and effective agreement—Rockstar's acceptance of the proposed agreement—never occurred.

---

[1] As there were no findings of fact and conclusions of law filed, it is implied that the district court made all necessary findings to support its order. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

When the mode of acceptance is a signature, it must be provided. *Lujan v. Alorica*, 445 S.W.3d 443, 448-49 (Tex. App.—El Paso 2014, no pet.); *see Hi Tech Luxury Imports, LLC v. Morgan*, No. 03-19-00021-CV, 2019 WL 1908171, at \*2 (Tex. App.—Austin Apr. 30, 2019, no pet.) (mem. op.) (upholding district court's denial of motion to compel arbitration agreement where one party had not signed agreement that required signature of all parties to be enforceable) (citing *Simmons & Simmons Constr. Co. v. Rea*, 286 S.W.2d 415, 416-17 (Tex. 1955)). The district court impliedly found that Ferguson's signature on the contract form as Rockstar's representative was not an acceptance of the proposed agreement by Rockstar's management.

Rockstar responded, arguing that because Ferguson is the "owner" of Rockstar, he constitutes Rockstar's management, and therefore, it is unnecessary that the second signature block be signed. One answer to Rockstar's response is found in its filings with the Secretary of State, of which we take judicial notice.[2] These filings show that Rockstar is a Texas limited liability company that is member managed and that the two managing members since October 2016 have been Kyle A. Brooks and Rockstar Remodeling Trust. Although Ferguson was listed as a managing member in Rockstar's initial filing, he was replaced as a managing member in 2016.

The order denying the motion to compel is affirmed.

---

[2] The Taddias request that we take judicial notice of Rockstar's filings with the Secretary of State, which form an appendix attached to their brief. In addition, an appellate court has the discretion to take judicial notice of adjudicative facts that are matters of public record on its own motion and for the first time on appeal. *In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex. App.—El Paso 2014, pet. denied).

_____

Bob E. Shannon, Justice

Before Justices Triana, Smith, and Shannon*

Affirmed

Filed:   April 1, 2020

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).