# NO. 12-20-00155-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MUKHTAR S. MUTTI,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *SPENCER DISTRIBUTING, LLP,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mukhtar S. Mutti appeals the trial court's judgment entered against him in favor of Spencer Distributing, L.P. In a single issue, Mutti contends the evidence is insufficient to support the trial court's judgment. We affirm.

### BACKGROUND

Navdeep Chahal and Mutti owned a gas station named Starkey's #1 in Lone Star, Texas. Starkey's entered into a fuel agreement with Spencer wherein Spencer agreed to provide fuel to the gas station. During the time Spencer was providing fuel, Starkey's was rebranded from an Exxon station to a Valero station and Valero paid for Starkey's rebranding. Starkey's closed in 2017, and Valero demanded Spencer repay the money for the rebranding. Spencer demanded Starkey's reimburse the money paid to Valero pursuant to the terms of the fuel agreement. After Starkey's refused to cooperate, Spencer sued for breach of contract, suit on a sworn account, conversion, and quantum meruit. Chahal failed to answer or appear. Mutti filed a sworn denial and appeared at trial. Following a bench trial, the trial court rendered a default judgment against Chahal and rendered judgment against Mutti.[1] Mutti filed a motion for new trial, which was overruled by operation of law. This appeal followed.

---

[1] Chahal is not a party to this appeal.

In his sole issue, Mutti contends the evidence is insufficient to support the trial court's judgment.

**Standard of Review**

In a nonjury trial, when, as here, a trial court makes no separate findings of fact or conclusions of law, we must assume that the trial court made all findings in support of its judgment. *Pharo v. Chambers Cty., Tex.,* 922 S.W.2d 945, 948 (Tex. 1996). The trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.,* 669 S.W.2d 716, 717 (Tex. 1984). Further, when, as here, the appellate record includes the reporter's record, the trial court's implied fact findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex. 2002).

A trial court's implied findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's verdict. *See Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). When reviewing a finding of fact for legal sufficiency, we may set aside the finding only if the evidence at trial would not enable a reasonable and fair-minded finder of fact to make the finding under review. *Canal Ins. Co. v. Hopkins,* 238 S.W.3d 549, 557 (Tex. App.—Tyler 2007, pet. denied) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005)). In making this determination, we must credit favorable evidence if a reasonable finder of fact could, and disregard contrary evidence unless a reasonable finder of fact could not. *See Hopkins,* 238 S.W.3d at 557. The finder of fact is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Id*. The finder of fact is free to believe one witness and disbelieve another, and a reviewing court may not impose its own opinions to the contrary. *See id*. Accordingly, reviewing courts must assume that the finder of fact decided all credibility questions in favor of the findings if a reasonable person could do so. *Id*. If a reasonable finder of fact could have so found, we must assume that the finder of fact chose what testimony to disregard in a way that was in favor of the findings. *Id*. A finder of fact "may disregard even uncontradicted and unimpeached testimony from disinterested witnesses" where reasonable. *Id.* (quoting *City of Keller,* 168 S.W.3d at 819–20).

In addition, it is within the fact finder's province to resolve conflicts in the evidence. *Id*. Consequently, we must assume that, where reasonable, the finder of fact resolved all conflicts in the evidence in a manner consistent with the findings. *Id*. Where a reasonable finder of fact could resolve conflicting evidence either way, we must presume the finder of fact did so in favor of the findings. *Id*. Where conflicting inferences can be drawn from the evidence, it is within the province of the finder of fact to choose which inference to draw, so long as more than one inference can reasonably be drawn. *Id*. Therefore, we must assume the finder of fact made all inferences in favor of the findings if a reasonable person could do so. *Id*.

With regard to factual sufficiency challenges, where a party who did not have the burden of proof on an issue asserts that a trial court's finding of fact is contrary to the evidence, we must overrule the complaint unless the finding is clearly wrong and manifestly unjust. *See Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.,* 156 S.W.3d 630, 637 (Tex. App.—Tyler 2004, no pet.) (citing *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965)). "Reversal [can] occur because the finding [is] based on weak or insufficient evidence or because the proponent's proof, although adequate if taken alone, is overwhelmed by the opponent's contrary proof." *Santa Fe Petroleum,* 156 S.W.3d at 637. In conducting our factual sufficiency review, we must consider all of the evidence that supports and that which is contrary to the finding. *Sosa v. City of Balch Springs,* 772 S.W.2d 71, 72 (Tex. 1989).

When reviewing factual sufficiency issues arising from a bench trial, we are mindful that the trial court, as the trier of fact, is the sole judge of the credibility of the witnesses. *See Hopkins,* 238 S.W.3d at 557. The trial court may take into consideration all of the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Id.* at 557–58. Where there is enough evidence before the trial court so that reasonable minds could differ concerning the meaning of that evidence, or the inferences and conclusions to be drawn therefrom, we may not substitute our judgment for that of the trial court. *See id.* at 558.

**Analysis**

Mutti urges the trial court's finding is "not supported by sufficient evidence to establish a contractual obligation between the parties." He repeatedly asserts that the trial court's judgment is "not supported by fact." However, his prayer for relief requests this Court vacate the trial court's judgment and render judgment in his favor. This inartful presentation makes it unclear

whether Mutti challenges the legal sufficiency or factual sufficiency of the evidence. *See **Scott Pelley P.C. v. Wynne***, 578 S.W.3d 694, 701 (Tex. App.—Dallas 2019, no pet.) (explaining that remedy for "no evidence" challenge is to reverse and render, while remedy for factual sufficiency is to reverse and remand). Given the relief requested, we will treat Mutti's issue as one challenging the legal sufficiency of the evidence supporting the trial court's judgment.

Darren Mackey, Spencer's general manager, testified that Spencer Distributing entered into a contract with Starkey's. The contract was signed by Chahal on Starkey's behalf and Tony Tucker for Spencer. Tucker passed away two weeks before trial. According to Mackey, Starkey's purchased fuel from Spencer from 2014 through approximately 2017. Starkey's was originally branded with Exxon but was rebranded to Valero in 2015. According to Mackey, Valero spent $22,014.69 to rebrand Starkey's. When Starkey's closed in 2017 and the Valero brand had to be removed, Valero charged the $22,014.69 back to Spencer. Mackey further testified that the terms of the motor fuel supply contract require the customer, Starkey's, to repay that money to Spencer. But, Starkey's refused to make that payment. Mackey testified that he was not present for the execution of the agreements between Starkey's and Spencer; however, it appeared Chahal and Mutti executed the electronic funds transfer authorization debit/credit agreement on Starkey's behalf.

Mutti testified that SGN, Inc. was formed on or about January 9, 2014. SGN purchased Starkey's #1, but Mutti could not remember when that purchase was made. Mutti further testified that he and Chahal are business partners. Mutti denied signing the credit agreement and the electronic funds transfer authorization debit/credit agreement. He further denied having any direct business dealings with Spencer. Mutti testified that he acted in the role of investor and "just put money in the corporation." As a result, Mutti claimed to either not know or not remember anything about the operation of Starkey's. Mutti also confirmed that the credit agreement contained his correct social security number.

Several contract documents were admitted into evidence. The motor fuel supply contract between Spencer and Starkey's lists Navdeep Chahal as the owner of Starkey's. Furthermore, the agreement states that if the buyer "is composed of more than one person," each person is jointly and severally liable for the obligations imposed under the contract. The agreement also states that if the buyer is a business entity, the directors, agents, or partners must execute the agreement in both their capacity as agent for the business and in their individual capacity. The

4

credit application, which was admitted into evidence without objection, lists both Chahal and Mutti as owners of Starkey's. This application was purportedly signed by both Chahal and Mutti. Mutti confirmed that his correct social security number appears on the agreement. The electronic funds transfer authorization debit/credit agreement also lists Chahal and Mutti as owners and includes their purported signatures. SGN's certificate of formation lists two directors: Chahal and Mutti. And an assumed name certificate shows that SGN was doing business as Starkey's.

The essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.–Houston [1st Dist.] 2009, pet. denied); *Tamuno Ifiesimama v. Haile*, 522 S.W.3d 675, 685 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Mutti contends there is insufficient evidence of a valid contract. The elements required for the formation of a valid contract are: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Cessna Aircraft Co. v. Aircraft Network, L.L.C.,* 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied); *Levetz v. Sutton*, 404 S.W.3d 798, 803 (Tex. App.—Dallas 2013, pet. denied). A party's signature on a written contract is strong evidence he unconditionally assented to its terms. *Lujan v. Alorica*, 445 S.W.3d 443, 448 (Tex. App.—El Paso 2014, no pet.); *see Rachal v. Reitz*, 403 S.W.3d 840, 845 (Tex. 2013); *Cowboy's Retail & Wholesale Beverage Distribution, LLC v. Davis*, No. 12-19-00249-CV, 2020 WL 4463126, at *9 (Tex. App.—Tyler July 31, 2020, pet. denied) (mem. op.).

As the sole judge of the weight and credibility of the evidence, the trial court could have disbelieved Mutti's testimony that he was completely unaware of Starkey's business dealings and that he did not sign the related documents. *See Hopkins*, 238 S.W.3d at 557; *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The evidence showed that Mutti and Chahal were the sole operators of Starkey's. And Mutti's correct social security number appeared on the agreements allegedly containing his signature. As a result, we conclude that a reasonable factfinder could find that Mutti participated in the

transaction between Starkey's and Spencer. Therefore, we hold the evidence is legally sufficient to support the trial court's finding that a valid contract existed. Mutti's sole issue is overruled.

**DISPOSITION**

Having overruled Mutti's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered April 28, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 28, 2021**

**NO. 12-20-00155-CV**

**MUKHTAR S. MUTTI,**
Appellant
V.
**SPENCER DISTRIBUTING, LLP,**
Appellee

Appeal from the County Court at Law
of Anderson County, Texas (Tr.Ct.No. 13404)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against Appellant, **MUKHTAR S. MUTTI**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*